UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LINDA BEEMAN,<br><br>         Plaintiff,<br><br>   v.<br><br>JOHN CRUZ and J. CARDOZA, individually and as employees of the AMADOR COUNTY SHERIFF'S DEPARTMENT; COUNTY OF AMADOR; and DOES 1 through 50, inclusive,<br><br>         Defendants. | No. 2:21-cv-01774 WBS DB<br><br>ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT |

----oo0oo----

This matter is back before the court on defendants' motion to dismiss plaintiff's First Amended Complaint. Whereas in the original Complaint plaintiff alleged violations of her Fourth, Fifth, and Fourteenth Amendment rights, in the First Amended Complaint she alleges only violations of her Fourth Amendment rights and right to "due process". (First Amended Complaint ("FAC") at ¶¶ 30-31 (Docket No. 12).)

1

II.  Discussion

    A.  Municipal Liability

The First Amended Complaint names Amador County as a defendant but appears to assert no claim for municipal liability. (See id.)  In her opposition, plaintiff indicates that she does not seek to establish municipal liability against the County but rather seeks to establish supervisory liability against Cardoza. (Opp. at 8-9 (Docket No. 15).)  The court will therefore grant defendants' motion to dismiss as to the County.

    B.  Unreasonable Execution of Warrant

In its previous Order, the court evaluated whether plaintiff's complaint stated a claim for unreasonable execution of warrant, based on allegations detailing damage to plaintiff's property incurred during execution of two warrants at her home. (See Order at 5-7 (Docket No. 9).)  The cour5t held that this claim was fatally defective because, although the original complaint described the damage done to plaintiff's property, it did not allege which officers caused that damage.  (Id. at 6-7 (citing Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012)).) However, at oral argument addressing the current motion, counsel for plaintiff appeared to suggest that he did not believe such a claim had merit and thus did not in fact intend to pursue it in the First Amended Complaint.

Moreover, the only new and relevant allegation in plaintiff's First Amended Complaint is that "Cruz had secured the warrant and was in charge of the execution of the warrant."  (FAC at ¶ 11.)  It does not allege that Cruz, or any other individual(s), personally caused the damage.  (See id.)  Although

plaintiff argues that Cruz was "the lead officer on execution of the warrant," (Opp. at 11 (capital typeface omitted)), Cruz's mere presence during the warrant execution is insufficient, as there is no vicarious liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each [ ]official defendant, through the official's own individual actions, has violated the Constitution."). Because personal participation must be alleged to state a claim under § 1983, see id.; Hydrick, 669 F.3d at 942, plaintiff's unreasonable execution claim must be dismissed.[1]

### C. Malicious Prosecution

Plaintiff asserts a claim based on the filing of charges against her, prompted by defendants, which caused her to spend 13 days in jail. (FAC at ¶¶ 15-18.) In its previous Order, the court dismissed plaintiff's malicious prosecution claim on the ground that she failed to allege facts indicating that defendants overrode the judgment of the District Attorney, who under Ninth Circuit law is presumed to have independently determined the existence of probable cause. (Order at 7-8 (quoting Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986);

---

[1] In her opposition, plaintiff challenges the notion that she must, at the pleading stage, present "evidence of who did what damage." (See Opp. at 11.) Indeed, plaintiff is not required to prove the truth of her claims at this stage; rather, to survive a motion to dismiss, she need only provide allegations of fact that, if true, would demonstrate the merit of her claims. See Navarro, 250 F.3d at 732; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). To do so, she is required to allege which individual defendants caused the damage she challenges. She has not done so here.

Beck v. City of Upland, 527 F.3d 853, 862-63 (9th Cir. 2008)).) The court noted that this presumption may be rebutted in circumstances where, inter alia, "the prosecutor . . . was given false information" or "the officers otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." (Id. at 8 (quoting Beck, 527 F.3d at 862-63) (internal quotation marks omitted).)

In the First Amended Complaint, plaintiff alleges that Cruz omitted from his report information suggesting she had innocent intentions in wiring money to her son. (FAC at ¶ 16.)[2] She alleges that Cruz presented "false evidence" to the District Attorney, obscuring this information, leading to the decision to charge her. (Id. at ¶ 21; see Opp. at 14, 18.)

Even assuming that these allegations standing alone might be sufficient to rebut the presumption of prosecutorial independence, plaintiff's claim cannot succeed because, as the court previously noted, plaintiff and defendants have both acknowledged that, at a May 10, 2021 preliminary hearing, the magistrate was told about Anthony Adams' statement to Cruz and nevertheless ordered plaintiff held over for trial. (Order at 8.) Therefore, omission of this information cannot have caused plaintiff to be improperly incarcerated for 13 days, as that

---

[2] Specifically, plaintiff alleges that she wired $200 to her son, Jerry Adams, to enable him to return to Jackson, California, to turn himself in to authorities. (FAC at ¶¶ 15-16.) She alleges that in a report submitted to the District Attorney, however, Cruz erroneously stated that she had sent Adams the money to help Adams avoid apprehension, and that Cruz failed to rectify this error after being informed of plaintiff's true intentions. (Id. at ¶¶ 13, 15.)

4

information was in fact before the state court when the magistrate ordered plaintiff's incarceration. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (§ 1983 liability requires causal link between defendant's conduct and alleged violation of plaintiff's constitutional rights).[3] Because plaintiff cannot show Cruz caused her to suffer a constitutional violation, her malicious prosecution claim must be dismissed.[4]

D.  Supervisory Liability

Plaintiff also seeks to establish that Cardoza is liable as a supervisor for his role in the alleged violations of her constitutional rights.  (FAC at ¶¶ 11, 15, 17, 23.)  "A supervisory official is liable under § 1983 so long as 'there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Rodriguez v. Cnty. of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018) (quoting Keates v. Koile, 883 F.3d 1228, 1242-43 (9th Cir. 2018)).  The existence of an underlying constitutional violation is thus a necessary predicate to a finding of supervisory liability.  See id.  As explained,

---

[3] Plaintiff argues that the magistrate's probable cause determination at the May 10 preliminary hearing was negated when the charges against her were dismissed during a subsequent hearing on June 18, 2021.  (See Opp. at 14-17.)  Even assuming this is correct, however, it does not explain how Cruz's conduct could have caused plaintiff to be incarcerated during the intervening period -- notwithstanding the magistrate's awareness of Anthony Adams' statement to Cruz -- as explained above.

[4] Because the court concludes plaintiff's allegations fail to demonstrate causation, it does not reach the parties' arguments regarding issue preclusion.

however, the First Amended Complaint fails to state a claim either for unreasonable execution of warrant or for malicious prosecution.  It thus also necessarily fails to state a claim for supervisory liability, which must therefore be dismissed.

### E. Due Process

Finally, the First Amended Complaint includes a lone allegation that defendants deprived plaintiff of her right to "due process."  (FAC at ¶ 30.)  It does not elaborate on how defendants' actions deprived her of due process, however.  Nor does plaintiff explain this claim in her opposition, to the extent that she means for it to be distinct from the claims discussed above, (see Opp.), and counsel for plaintiff did not address it at oral argument.  Because the court is unable to otherwise identify a basis for this claim, it will be dismissed.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiff's First Amended Complaint (Docket No. 13-1) be, and the same hereby is, GRANTED.[5]

Dated:  April 11, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[5] At oral argument, the parties agreed that, at the May 2021 hearing, the magistrate was aware Cruz had been told that plaintiff's intentions were innocent when wiring $200 to her son, and that the magistrate nonetheless ordered plaintiff to be held over for trial.  Because, as explained above, the magistrate's informed decision precludes liability for malicious prosecution against the initiating officers, the court concludes that this claim "could not be saved by any amendment."  In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).  Because the claim for supervisory liability is derivative of the malicious prosecution claim, the same is true for it as well.  Accordingly, the court will not grant further leave to amend.  See id.